NO. 07-05-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2006

______________________________

KENNETH M. ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2005-494062; HONORABLE DRUE FARMER, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Kenneth M. Romero has given notice of appeal from a conviction and  sentence for Driving While Intoxicated, 2nd.  The appellate court clerk received and filed the trial court clerk’s record on March 15, 2006, and received and filed the trial court reporter’s record on May 19, 2006. 

By letter dated June 27, 2006, the appellate clerk reminded counsel for appellant that appellant’s brief was due on June 19, 2006, and that neither the brief nor a motion for a further extension of time had been received.  Counsel for appellant was further advised by such letter that if no response to the letter was received by July 7, 2006, the appeal would be abated to the trial court for hearing pursuant to
 Rule of Appellate Procedure 38.8(b).  No response to this court’s clerk’s June 27 letter has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court.  
Tex. R. App. P. 
38.8(b)(2).  Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: 

(1) whether appellant desires to prosecute this appeal; 

if appellant desires to prosecute this appeal, then whether appellant is indigent, and if not indigent, whether counsel for appellant has abandoned the appeal; 

if appellant desires to prosecute this appeal, whether appellant’s present counsel should be replaced; and

what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

If the trial court determines that appellant is indigent and that the present attorney for appellant should be replaced, the court shall cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed attorney.  

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk’s record.  The hearing proceedings shall be transcribed and included in a supplemental reporter’s record.  Those supplemental records shall be submitted to the clerk of this court no later than August 21, 2006.

Per Curiam

Do not publish.